[Crim. No. 245. Second Appellate District.—May 1, 1912.]

THE PEOPLE, Respondent, v. JOE CHUTUK, Appellant.

CRIMINAL LAW — CHARGE OF MURDER—PROPER CONVICTION OF MANSLAUGHTER—INSTRUCTIONS AS TO MURDER IN FIRST AND SECOND DEGREE NOT PREJUDICIAL.—Where a defendant charged with murder was properly convicted of manslaughter under the evidence, he cannot be prejudiced by alleged errors in instructions given with reference to murder in the first and second degree of which he was acquitted. It is therefore unnecessary to consider a specification of error in refusal to charge that such higher offenses were not made out.

ID.—PROPER INSTRUCTION AS TO NATURE OF OFFENSE—KILLING CAUSED BY BLOW—"ADEQUATE PROVOCATION."—Where the killing was caused by a blow with the fist on the side of the jaw and neck of the

deceased, in the heat of passion, the court properly instructed the jury that "when the mortal blow, though unlawful, is struck in the heat of passion, excited by a quarrel, sudden, and of sufficient violence to amount to adequate provocation, the law, out of forbearance for the weakness of human nature, will disregard the actual intent, and will reduce the offense to manslaughter," but that "if the intent exists and the killing is unlawful, it will be murder, even though done upon a sudden quarrel or heat of passion, unless there was adequate provocation, which is not produced by opprobrious or contemptuous actions or gestures, without assault upon the person or trespass against lands or goods."

ID.—INSTRUCTIONS PROPERLY PRESENTING A QUESTION OF FACT FOR THE JURY.—It is held that these instructions and other similar instructions as to the intent with which the blow was struck presented a question of fact for the jury, and were not improper, and that the court properly refused directly to instruct the jury as to the intent with which the blow was struck, which was a question for the jury.

ID.—EFFECT OF INSTRUCTIONS TAKEN TOGETHER.—It is held that taking the instructions together, they fairly presented the law to the jury, and that there was nothing therein which could have a tendency to mislead the jury or to prejudice the rights of the defendant, either as to the law of self-defense, or the subject of reasonable doubt, and that there was no prejudicial error in the giving or refusal of any instructions.

ID.—UNWARRANTED CRITICISM OF ACTION OF DISTRICT ATTORNEY.—It is held that a criticism urged by defendant of the action of the district attorney is unwarranted; and that there is nothing in the record indicating any improper statement made by the district attorney, not based upon proper and logical inferences from the testimony adduced.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant and appellant was informed against by the district attorney of Los Angeles county for the crime of murder. He was convicted of manslaughter, and the judgment of the court was that he suffer imprisonment in

the state prison for the term of two years. He appeals from the judgment and an order denying a new trial.

There is evidence in the record tending to establish these facts: The defendant, a sewer contractor, on the date of the homicide was engaged in superintending the work of excavation in front of the property of one Webb. A controversy arose between the contractor and Webb with reference to the manner in which the work was done, Webb claiming that there was an unnecessary infringement of his rights of ingress and egress to his property. Both parties seem to have become very angry over the controversy. Both were unarmed. Webb, however, at the conclusion turned to go to his house, when defendant and appellant struck him a violent blow with his fist on the side of the jaw and neck, causing a fracture of both jaws and of the thyroid and critoid cartilages. Webb, from the injuries received from the blow, shortly thereafter died. There can be no question but that the record discloses the unlawful killing by defendant. It may not have been intended, but resulted from an unlawful act, not amounting to a felony, and was therefore manslaughter. (*People* v. *Munn*, 65 Cal. 214, [3 Pac. 650] ; *People* v. *Stokes*, 11 Cal. App. 760, [106 Pac. 251].)

Appellant specifies as error certain instructions of the trial court with reference to murder in the first and second degree. Inasmuch as defendant was acquitted of murder in the first and second degree, no prejudice is manifest. As said in *People* v. *Quimby*, 6 Cal. App. 487, [92 Pac. 493] : "The jurors must be presumed to be possessed of such a degree of intelligence as to enable them to comprehend and understand the pertinency to the evidence of the court's declaration of the law, and that, under the evidence, their verdict could not be founded upon any consideration of the elements constituting the higher grades of the offense." (See, also, *People* v. *Woods*, 147 Cal. 273, [109 Am. St. Rep. 151, 81 Pac. 652] ; *People* v. *Chaves*, 122 Cal. 140, [54 Pac. 596].) The fact that the defendant was acquitted of murder in the first and second degree renders it unnecessary to consider the specification with reference to the refusal of the court to charge that such offense had not been made out. We see no error in the action of the court charging the jury that "when the mortal blow, though unlawful, is struck in the heat of passion, excited by a quarrel, sudden and of sufficient violence to amount to

adequate provocation, the law, out of forbearance for the weakness of human nature, will disregard the actual intent, and will reduce the offense to manslaughter; in such case, although the intent to kill exists, it is not that deliberate and malicious intent which is an essential element in the crime of murder''; that ''if the intent exists and the killing is unlawful, it will be murder, even though done upon a sudden quarrel or heat of passion, unless there was adequate provocation''; that adequate provocation is not produced by opprobrious, contemptuous actions or gestures without an assault upon the person, or trespass against lands or goods. These charges and others with reference to the intent with which the blow was struck, and which was a question of fact for the jury, were not improper. Nor do we see any error in the charge of the court to the effect that self-defense is not available as a plea to a defendant who has sought a quarrel with the design to force a deadly issue, and thus, through his fraud, contrivance or fault, to create a real or apparent necessity for the killing. Under the facts of the case, it was for the jury to determine whether or not this controversy had been sought by the defendant and his intent and purpose in connection therewith. Those instructions of the court with reference to the use of deadly weapons, and referring to the higher grades of the offense, could not in any degree have prejudiced defendant. As before said, he was acquitted of such charges, and the court properly charged the jury as to the presumption attaching to acts voluntarily and willfully done, and the intent as to the natural, probable and usual consequences thereof. (*People* v. *Besold,* 154 Cal. 368, [97 Pac. 871].) The court properly charged the jury that, ''while the defendant cannot be convicted unless his guilt is established beyond a reasonable doubt, still the law does not require demonstration; that is, such a degree of proof as, excluding possibility of error, produces absolute certainty, because such proof is rarely possible; moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind.'' This was a correct exposition of the law, and no error is apparent in connection therewith. We see no error of the court in refusing an instruction to the effect that the sewer, during the process of construction, was as much the property of the defendant as if it consisted of a house and lot. We can conceive of no theory upon which such an instruction, under the

record, would be permissible. The court properly refused to instruct the jury as to the intent with which the blow was struck; that was a matter for the jury to determine. Taking the instructions together, we think they fairly presented the law to the jury, and that there was nothing therein which could have a tendency either to mislead the jury or to prejudice the rights of defendant. We see no prejudicial error in the action of the court overruling objections to certain testimony, the effect of which might tend to show malice upon the part of the defendant. The jury by its verdict acquitted the defendant of any malice, and the error, if any, was harmless.

Defendant's criticism of the action of the district attorney we think unwarranted. There is nothing in the record indicating that any statement made by the district attorney was not based upon proper and logical inferences from the testimony adduced.

A careful examination of this record indicates to our minds that the defendant was clearly shown to have been guilty of manslaughter, and through the verdict and judgment there was no miscarriage of justice.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.