[Crim. No. 1387. First Appellate District, Division Two.—September 21, 1927.]

THE PEOPLE, Respondent, v. D. S. LEDBETTER, Appellant.

Myron Harris, Leo Sullivan and Wm. G. Hunt for Appellant.

U. S. Webb, Attorney-General, and E. F. Mitchell, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried upon an information charging a violation of section 508 of the Penal Code, covering the crime of embezzlement as an agent. From the judgment following the verdict of guilty and from the order denying defendant's motion for a new trial he has appealed upon a typewritten record.

The defendant and the complaining witness were on very intimate terms during the early part of the year 1926 and were engaged to be married. While enjoying the confidence and trust of the complaining witness the defendant persuaded her to transfer to his possession an automobile which he agreed to sell for the sum of $1,050 and agreed to invest the proceeds of that sale in stock of the National Ice Cream Company. Having obtained possession of the car and the written evidence of ownership for this purpose the defendant sold the car for $300 in money and a Ford coupe valued in the trade at $450, which he later sold for the sum of $350. All this money the defendant admittedly appropriated to his own use while he continued to assure the complaining witness that he had received the full sum of $1,050 with which he would purchase the stock of the ice-

cream company as soon as he could reach the manager of that concern. A short time thereafter the defendant obtained from the complaining witness the further sum of $450 upon his representation to her that he would invest that amount in an automobile finance company. It developed at the trial that this company had not been incorporated, but in fact had been refused incorporation by the state commissioner of corporations, and the defendant appropriated this sum to his own use. About the time the automobile was transferred the defendant executed and delivered to the complaining witness his promissory note in the sum of $1,050 bearing interest at twelve per cent (12%) per annum. It was the theory of the state that this note was in the nature of a receipt given to the complaining witness to allay her fears caused by defendant's failure to deliver to her the stock in the ice-cream company. The defendant, however, claimed that the note was given as evidence of a loan from the complaining witness of the money received from the sale of the automobile and that the difference of $350 between the face of the note and proceeds of the sale was a bonus which the defendant voluntarily gave to the complaining witness for the use of this sum of $700.

On this appeal it is argued that the verdict of the jury is contrary to law in that the evidence discloses that the defendant was guilty of the crime of embezzling the automobile and that he could not therefore be guilty of the crime of embezzling the proceeds of the sale of the automobile as charged in the information. In support of the argument it is said that the evidence failed to show that the appellant ever received the sum of $1,050 from the complaining witness, as charged in the information, but that it is conceded that he received no more than $700 from the sale of the automobile, and that if he is guilty of any crime in relation to the disposition of the proceeds of the sale it must be that of larceny or that of obtaining money by trick and device. It would serve no purpose to enter into a discussion of the fine distinctions drawn between the crimes of embezzlement, larceny, and obtaining money by trick and device. As is usual in cases of this character the appellant concedes on the appeal that he has been guilty of one of these crimes, but insists that it must be one other than that charged in the information. Section 508 of the

Penal Code provides that every agent who fraudulently appropriates to his own use property of another which has come into his control or care by virtue of his employment as such agent is guilty of embezzlement. This is the charge upon which the appellant was tried and the evidence amply supports the verdict. It is of no consequence that under some other theory the evidence was also sufficient to prove some other crime.

That the evidence showed that the appellant actually received and appropriated to his own use the sum of $700 rather than the full sum of $1,050 as charged in the information is likewise immaterial. (Sec. 1131, Pen. Code; *People* v. *Gray*, 66 Cal. 271, 277 [5 Pac. 240].)

It is argued that the verdict of the jury is contrary to the evidence because the appellant testified that the transaction with the complaining witness was that of a loan only, as evidenced by the promissory note, and denied that he had agreed to invest the proceeds of the sale in stock of the ice-cream company, and also because it appears that the complaining witness, though on very friendly terms with some of her friends who were called as witnesses, had not disclosed to them the agreement with the appellant to make such investment. The answer is that the complaining witness testified in plain terms that such an arrangement had been made with the appellant and it was for the jury to determine the truth of the transaction.

It is argued that the court misdirected the jury in matters of law and erred in the decision of questions of law during the course of the trial. Nothing further is said as to errors in the instructions than the mere statement that some errors occurred. We are not required to consider points presented in this manner. (*People* v. *McLean*, 135 Cal. 306, 309 [67 Pac. 770].) In reference to the admission of testimony of the false representations made by the appellant while he was attempting to satisfy the complaining witness that he was investing her funds in accordance with his agreement, this evidence was admissible for the purpose of meeting the claim of the appellant that the money was received by him as a loan and that he had not agreed to invest it as claimed by the complaining witness. It is true that the testimony was received in the presentation of the main case by the state and thus anticipated this

defense, but during the course of the opening statement by the district attorney appellant's counsel set forth the defense upon which he would rely and we therefore can see no prejudice in having this evidence come in out of order.

The evidence of other acts of embezzlement of a like character was admissible for the purpose of showing the intent of the defendant in this transaction.

The statement is made in appellant's brief "That many inadmissible and prejudicial statements were made during the course of the trial which prejudiced the minds of the jurors against the defendant and prevented him from having a fair and impartial trial." This is followed by citations to numerous pages in the reporter's transcript, but without any attempt to show error or prejudice. We are not required to consider a point raised in this manner. (*People v. McLean, supra.*)

The judgment and order are affirmed.

Koford, P. J., and Sturtevant, J., concurred.