[Crim. No. 1509. Second Appellate District, Division Two.—January 11, 1928.]

THE PEOPLE, Respondent, v. KARL RAENTSCH, Appellant.

Paul B. D'Orr, Thomas P. Cruce and Bingham Gray for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., for Respondent.

WORKS, P. J.—Defendant was convicted of the crime of embezzlement. He appeals from the judgment and from

an order of the trial court denying his motion for a new trial.

The indictment charged that appellant was entrusted by the complaining witness with the sum of $3,575 and that he embezzled the entire amount. The evidence showed that he was entrusted with the sum total named but that he converted to his own use but part of it, the sum of $2,500. Appellant contends that in these circumstances there was a material variance between pleading and proof. The point is answered by *People* v. *Gray*, 66 Cal. 271 [5 Pac. 240], in which case the supreme court said that "proof of the embezzlement of only a part of the amount charged was sufficient to support the information." See, also, *People* v. *Riordan*, 79 Cal. App. 488 [250 Pac. 190], and *People* v. *Ledbetter*, 85 Cal. App. 514 [259 Pac. 982].

It is contended that the trial court erred in refusing to give two certain requested instructions. One of them was to the effect that "the defendant is presumed to be innocent, and this presumption of innocence abides with the defendant until after you have considered your verdict," and that the "presumption of innocence goes with you in your retirement to consider your verdict, and you must examine the evidence in the light of that presumption of innocence." The second requested instruction recited that "you must consider all of the testimony in the light of the presumption of innocence of the accused; that you must permit this presumption of innocence of the accused to abide with you until after you have reached a verdict, and that you must consider all of the evidence in the light of that presumption." Laying aside all question whether the first of these proposed instructions was objectionable because it contained the statement that the presumption abided with the jury "until after you have considered your verdict" and the second because it recited that the jury must permit the instruction "to abide with you until after you have reached a verdict," we think the trial court was justified in refusing to give both. The jury was instructed that "a defendant in a criminal action is presumed to be innocent until the contrary is proved," and that "in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." A situation exactly like the

one here presented was before the supreme court in *People* v. *Miles,* 143 Cal. 636 [77 Pac. 666]. It was said in the opinion there rendered that ''as reasonable men of ordinary intelligence, the jurors must have known that the presumption of defendants' innocence mentioned by the court had reference to the entire trial and to all the evidence there adduced.'' It was accordingly determined that the trial court's refusal to give a requested instruction similar to the ones asked for here was not injurious to the appellants. *People* v. *Miles* has been followed as late as *People* v. *Wolfgang,* 192 Cal. 754 [221 Pac. 907].

 Appellant also complains of the refusal of the trial court to give an instruction to the effect that ''if, from the testimony, there are two plausible and reasonable conclusions to be drawn, one pointing to the guilt of the defendant, and one pointing to the innocence of the defendant, then you are to accept the one pointing to the innocence of the defendant, and find a verdict of not guilty.'' The sole argument advanced by appellant in support of the point is embraced in a quotation from the opinion in *People* v. *Corey,* 8 Cal. App. 720 [97 Pac. 907]. We think the case can afford no comfort to appellant, especially as the trial court here instructed the jury fully upon the question of reasonable doubt, a similar circumstance having been the controlling factor in the case cited.

 A point made by appellant is introduced thus: ''The next question for the court is on the question of evidence and the refusal of the trial court to permit defendant to question and to attempt to impeach the witness Olson. In order to bring this question clearly before the court, it will be necessary to set out in detail the evidence and the rulings of the trial court. . . . At page 266 of the Reporter's Transcript, the defendant attempted to impeach the testimony of the witness Olson and that impeachment was assented to by the trial court. The Reporter's Transcript involving that matter is as follows.'' Appellant then sets out in his brief several pages of matter shown in the transcript, from which it appears that certain impeaching questions were asked and answered. However, as shown by the extract, appellant's counsel sought to present to the witness a certain portion of his testimony given before the grand

jury. Upon objection the matter referred to was handed to the trial judge for his inspection. The record then shows, as quoted in the brief: "The Court: This is the testimony of the witness on the stand? [Counsel for appellant]: The testimony of the witness on the stand before the grand jury. The Court (after reading transcript): Objection sustained." The record is barren of any attempt to show what was the testimony before the grand jury which was submitted to the court's inspection and upon which the judge based his ruling, but nevertheless appellant, immediately after quoting the language which evidenced the ruling, proceeds to say in his brief: "The matter asked of the witness, as he testified before the grand jury, in which the court sustained an objection by the District Attorney, and referred to [in] . . . the Reporter's Transcript is as follows." Then are set forth ten or a dozen questions and answers, a reference to Boos Brothers being contained in one of the answers. Before the grand jury transcript was submitted to the inspection of the trial judge, counsel for appellant, as shown by a portion of the transcript of evidence taken at the trial which is reproduced in the brief, had asked the question: "How many $1500 payments did you make to Boos Brothers?" Objection was interposed to the question and the objection was sustained. Immediately after his quotation of matter asserted by him to have been taken from the grand jury transcript, appellant concludes thus concerning the point he presents: "It will be seen that the question asked of the witness Olson and the ruling of the court thereon . . . which is as follows: 'Q. How many payments did you make to Boos Brothers?' " the objection and the ruling then being stated, "was prejudicial to the defendant when the court made his further ruling on the offer of the grand jury testimony, as heretofore set out."

We understand from the state of appellant's brief that the point made here is that the trial court erroneously excluded the question which called for the number of payments made to Boos Brothers. We understand further that the contention is that the ruling became erroneous only when the court had excluded whatever it was that was shown by the grand jury transcript. Such a position is untenable. The ruling on the question as to payments

was clearly correct when it was made—indeed, so much seems to be admitted by the manner in which appellant makes his point—and it could not have been made wrongful by what happened afterward. The question was not called to the attention of the court, and no attempt was made to press it after the foundation for it was attempted to be laid. But the foundation was not laid, to the extent that the point could be considered here, even if the matter in the grand jury transcript had been presented to the trial court before the question was asked, for the reason that the actual record of the trial fails to show what the matter was which was contained in the grand jury transcript. In the transcript of Olson's testimony, up to the point at which he was asked about the payments to Boos Brothers, there is no mention of those individuals, nor of the fact that any payments whatever had been made to them.

Appellant contends that the trial judge unduly limited the examination of Olson upon a certain point concerning which his counsel sought to question him. The examination related to what is termed in the record the "French Village" transaction. The argument of the point is very meager and from it we are unable to detect a semblance of error in the rulings of the trial court.

Appellant asserts in his brief that the witness Olson himself had been under indictment and that the indictment had been dismissed. He then complains that the trial court "refused the defendant the right to question the witness Olson as to his relations with the defendant on trial and to show whether or not there was any bias or prejudice of the witness Olson by reason of the fact that the indictment against the witness Olson had been dismissed." Unfortunately, however, appellant fails to direct us to any showing in the record that Olson had been indicted, or that any indictment against him had been dismissed. Nor are we shown what questions were addressed to the witness for the purpose stated in the brief, nor what objections were made which impelled the attacked rulings of the trial court, nor, in truth, are the rulings themselves pointed out. It would appear, therefore, that appellant gives us nothing to consider.

 Appellant contends that the trial court erred in sustaining an objection to an offer of the "records and files" in a certain case. The portion of the reporter's transcript to which our attention is directed shows such an offer, objection and ruling, but we are not shown what the nature of the action was, where it was pending, nor of what the "records and files" consisted. The consideration of this "point" therefore imposes no heavy labor upon us. We cannot perceive that it is meritorious and appellant must therefore be satisfied with our conclusion that it is not.

The contention is made that the trial judge was guilty of misconduct affecting the substantial rights of appellant, but the point is so evidently without merit that we forbear to encumber the official reports with a further mention of it.

Judgment and order affirmed.

Craig, J., and Thompson, J., concurred.