[Crim. No. 1708. Second Appellate District, Division One.—December 21, 1928.]

THE PEOPLE, Respondent, v. F. H. HEUSS, Appellant.

Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, Stephen Connell, District Attorney, Thomas Whelan, Deputy District Attorney, and T. D. McLean, Assistant District Attorney, for Respondent.

YORK, J.—This is an appeal from a judgment of conviction of the crime of forgery, and from an order denying a motion for a new trial.

The defendant was convicted upon both direct and circumstantial evidence. There was undoubtedly sufficient evidence to justify the verdict of the jury.

Counsel for appellant insists that appellant was entitled to an instruction to the effect that, in order to convict upon circumstantial evidence, it is necessary not only that all the circumstances concur to show that the defendant committed the crime charged, but it must also be shown that all of these circumstances are inconsistent with any other rational conclusion; that it is not sufficient that the circumstances proven

coincide with, account for and, therefore, render probable the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis, except the single one of guilt, or the jury must find the defendant "not guilty."

The court did instruct the jury as follows: "In order to warrant a conviction for crime on circumstantial evidence, the circumstances taken together should be of a nature and tendency leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no one else committed the offense charged, and it is the invariable rule and law that to warrant a conviction upon circumstantial evidence alone, *such facts and circumstances must be shown as are consistent with the guilt of the party charged.*" But the appellant maintains that this is erroneous, for the reason that the words "*and inconsistent with his innocence*" are omitted.

In addition to the foregoing instruction to the jury, the court also quoted section 1096 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1039), which provides that a defendant in a criminal action is presumed to be innocent until the contrary is proved, and that in case of a reasonable doubt as to his guilt, he is entitled to acquittal. Section 1096a of the same code specifically provides that no other instruction on the presumption of innocence or defining reasonable doubt need be given. The "*consistency with innocence*" rule is but another mode of stating the rule of presumption of innocence and reasonable doubt. In the case of *People* v. *Raentsch,* 88 Cal. App. 302 [263 Pac. 345], it was held that where the jury was fully instructed on the question of reasonable doubt, it was not error for the trial court to refuse to instruct that if two plausible and reasonable conclusions could be drawn from the evidence, one pointing to guilt and the other to defendant's innocence, the jury must return a verdict of not guilty.

The trial court gave voluminous instructions to the jury in this case and the objection of appellant that certain instructions were not given is not well taken, for the reason that these instructions are contained in the instructions given, so far as proper, although not always in the form requested by the appellant.

The cases cited by appellant holding reversible error in instructions were all decided before section 4½ of article VI

of the constitution was in force. This is true, at least, of all of the cases that were at all in point, and it will be noted in these cases, as in *People* v. *O'Brien,* 130 Cal. 1, at page 5 [62 Pac. 297], the statement was made that in the opinion of the court it was difficult to determine affirmatively from the record that the defendant was not prejudiced and, therefore, reversal was ordered. In other words, the old rule was that prejudicial error was always presumed, if any error at all crept into the record.

As to the question of the instructions given in the case of *People* v. *O'Brien, supra,* at page 7, the court quotes from *People* v. *Douglass,* 100 Cal. 1, at page 6 [34 Pac. 490]; citing, also *People* v. *Strassman,* 112 Cal. 683, at page 687 [45 Pac. 3] : ''There cannot be two presumptions in a criminal case. The accused is presumed to be innocent until his guilt is established beyond a reasonable doubt.''

■ Another objection made by the appellant is to the remark of the trial court: ''It is a fact.'' As to just what was referred to by the court, or what was meant, we cannot say. However, no objection was made by the defendant at the time of the trial or at the time the remark was made, and no instruction was asked by him either when the remark was made or when the instructions were given, for a definition or explanation by the court as to what it meant by such statement, or for an order that the jury disregarded the remark of the court, if improper. However, the court gave a general instruction to the jury as follows: ''I have not expressed, nor intended to express, nor have I intimated or intended to intimate any opinion as to what facts have been established; or what inferences should be drawn from the evidence adduced, and if any expression of mine seems to indicate an opinion relating to any of these matters, such opinion must be entirely disregarded.''

In view of this, it would be immaterial what construction, if any, the jury may have placed upon this remark of the trial judge. When the entire record has been carefully examined, we cannot see that any prejudice to the defendant resulted by reason of this remark. Neither can we see that it could have led to any miscarriage of justice.

Judgment of conviction and order denying motion affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for rehearing of this cause was denied by the district court of appeal on January 2, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1929, and the following opinion then rendered thereon:

THE COURT.—█ In denying the petition for a hearing herein, we withhold our approval of the action of the trial court refusing to give the instruction, or its equivalent, requested by defendant to the effect that circumstantial evidence, in order to justify a conviction, must not only be consistent with the guilt of the defendant, but "inconsistent with any other rational conclusion." The portion included in quotation marks, or its equivalent, was omitted from the instruction. Said instruction was legally sufficient in all respects as far as it went, but it fell short in not including the well approved and frequently announced statement of the law that the evidence adduced must not only be consistent with guilt, but "inconsistent with innocence," in order to justify a verdict of guilty.

█ We have not here attempted to name all of the elements that should be included in the court's charge on the subject of circumstantial evidence, but we have merely referred to the omitted portion which furnishes the ground of appellant's complaint. As a general proposition trial courts should adopt, where practicable, instructions which have become practically standardized by the long approval of appellate courts. The instruction now before us furnishes an apt example. Deviations are usually unnecessary and are not infrequently productive of evil.

█ In view of the state of the record, we do not feel that we would be justified in reversing the case for the error complained of, as the evidence is sufficient in all respects to have warranted the jury in returning its verdict of guilty. This being so, we would be compelled under section 4½ of article VI of the constitution to disregard the error assigned.

The petition is hereby denied.