[Crim. No. 2539. Third Dist. Oct. 19, 1954.]

THE PEOPLE, Respondent, v. MADELYN McCREE, Appellant.

Rodriguez & Janvier for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Frederick G. Girard, Deputy Attorneys General, for Respondent.

WARNE, J. pro tem.*—Appellant was convicted of a violation of section 606 of the Penal Code, a felony, to wit, in that she did wilfully and intentionally injure a public jail or place of confinement. She appeals from the judgment and from the order denying a new trial.

By an information, appellant was charged in Count I with the crime of arson, as set forth in section 448a of the Penal Code, and in Count II with a violation of section 606 of the Penal Code, to wit, the wilful and intentional injury of a public jail or place of confinement.

The jury found appellant guilty of injuring a jail as charged in Count II of the information, and not guilty of arson as charged in Count I of the information. A motion for a new trial was made by appellant and denied by the court. The matter was then referred to the probation officer pending pronouncement of judgment and sentence, and on October 13, 1953, the court placed appellant on probation for the term of one year and exonerated her bond.

█ Respondent contends that this appeal was taken from the judgment of conviction and from the order denying a new trial, and as there was no judgment entered other than the order granting probation to the appellant, the appeal from the judgment should be dismissed. This contention must be sustained. Orders granting probation are now appealable. (Pen. Code, § 1237.) But here it is apparent, since appellant makes no attack on that order, that she did not intend to appeal therefrom. Hence we cannot construe her notice as such an appeal, as was done in *People* v. *Robinson,* 43 Cal.2d 143 [271 P.2d 872]. Since no judgment was entered there cannot be an appeal therefrom. (*People* v. *Guerrero,* 22 Cal.2d 183, 184 [137 P.2d 21]; *People* v. *McShane,* 126 Cal.App.2d Supp. 845 [272 P.2d 571].) However, the merits of this appeal may be decided on the appeal from the order denying a new trial.

The facts are these: On July 3, 1953, at approximately 3:30 p. m. appellant was arrested for creating a disturbance in the Nevada City hall. Appellant was talking in a loud and boisterous tone, and appeared to the arresting officer to be under the influence of intoxicating liquor. Appellant was then taken to the sheriff's office in the Nevada County jail and booked as being drunk in a public place. At the time appellant was brought to the sheriff's office she was uncooperative, being extremely abusive and profane in her

---

*Assigned by Chairman of Judicial Council.

language. While in the sheriff's office, appellant had a long conversation with the Nevada County sheriff, and appeared to quiet down considerably. Appellant called an attorney and requested that he arrange bail for her. Bail was fixed at $25. The matron of the Nevada County jail then took appellant to the women's quarters of the Nevada County jail. Appellant was the only prisoner presently incarcerated in the women's quarters. These quarters consist of a central room, two central cells, and two additional rooms, one containing a shower, and the other containing a toilet, wash basin, and medicine cabinet. The furniture consisted of a table, two chairs, six metal cots, and mattresses. The central room was the only room which had a doorway to the outer hall, and this door was constructed of wood, and of approximately 6 inches in thickness. The windows in the room were barred. There was no fire or indication of fire at the time appellant was locked in the jail. Within approximately an hour after appellant had been locked in the jail alone, a deputy sheriff noticed smoke and promptly located its source as the women's quarters of the jail. The deputy sheriff and the sheriff attempted to get into the women's quarters, but as soon as the door was unlocked and opened the flame and smoke drove them back. The volunteer fire department was notified and arrived in approximately three to five minutes. The firemen and the deputy sheriff, under the protection of a "fog nozzle" entered the women's quarters of the jail, and appellant was found in the compartment which housed the toilet, on the floor, curled around the toilet bowl. The window of this compartment was open, and there was very little smoke in the room. The deputy sheriff attempted to arouse appellant, and she asked, "What was the matter, . . . what happened?" The deputy then told her that they had to get out of there, and as the appellant made no effort to get up, the deputy gathered her up and carried her out bodily. Approximately 10 minutes subsequent to the rescue appellant was talkative, but very belligerent, and confused. The women's quarters of the jail were within hearing distance of the sheriff's office and a warning buzzer was also available to summon a deputy sheriff. The mattress on the cot which had been occupied by appellant was on fire; also, two mattresses had been removed from the metal cots and were burning on the floor directly in front of the thick wooden door above mentioned, which connected the women's quarters with the remainder of the jail. These mattresses were on

fire when the deputy sheriff and the firemen entered to extinguish the flames. In fact, they were required to step over the conflagration to enter the ward. Within the radius extending approximately 5 feet back from the heavy wooden door, the linoleum had been completely burned through, as well as the first floor, almost to the subfloor. The door itself was burned and charred. The appellant admitted possessing matches during the period she was incarcerated in the Nevada County jail. According to the appellant's testimony, she was not intoxicated, but sick instead. She had a headache and had called a doctor prior to leaving the sheriff's office. The appellant had lain down on one of the cots and lit a cigarette; that the cigarette occasioned a throat congestion which necessitated a trip to the toilet; that when appellant returned from the toilet a mattress on a cot was on fire; that appellant tried to put out the flames; that failing in this, appellant struggled with the mattress in an attempt to get it to the water in the toilet bowl; that the fire forced her to drop the mattress; that appellant sought refuge in the bathroom; and appellant testified she had no knowledge of how the fire was occasioned.

■ Appellant's first contention on this appeal is that the evidence was insufficient to substantiate the verdict. If there is substantial evidence tending to support the verdict of the jury, then this court cannot, as a matter of law, substitute its judgment on the facts for that of the jury. "No rule of criminal law and procedure is better established in this state. It is the function of the jury, in the first instance, and of the trial court after the verdict, to determine what facts are established by the evidence and, before the verdict of the jury which has been approved by the trial court can be set aside on appeal upon the ground of the insufficiency of the evidence to support it, it must be made clearly to appear that upon no hypothesis whatever is there substantial evidence sufficient to support the conclusion of the trial court." (*People* v. *Tedesco,* 1 Cal.2d 211, 219 [34 P.2d 467]; also *People* v. *Reifenstuhl,* 37 Cal.App.2d 402 [99 P.2d 564]; *People* v. *Renek,* 105 Cal.App.2d 277 [233 P.2d 43]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].) Viewing the evidence in the light most favorable to the appellant, it is apparent that the evidence is sufficient to support her conviction, and especially so when we keep in mind appellant's extremely belligerent attitude both before and immediately subsequent to the fire; that appellant was the sole occupant of the women's

quarters; that at the time of her incarceration an examination disclosed no hint of fire in those quarters; that in addition to the mattress on the cot which was ablaze, there were also two mattresses placed immediately in front of the door which were also burning. The inference that the appellant substituted physical defiance for verbal belligerence, and thus wilfully and intentionally placed the two mattresses in front of the door and thereupon set the fire is justified.

This inference, from the evidence, was not lessened when appellant, testifying in her own behalf, gave no explanation as to how the two mattresses were transferred from the metal cots to the position in front of the door, which served as the sole entrance to appellant's place of confinement.

Appellant cites *People* v. *Heuss*, 95 Cal.App. 680 [273 P. 583], and *People* v. *McClain*, 115 Cal.App. 505 [1 P.2d 1085], in support of her contention that wherever circumstances relied on as incriminating are equally compatible with innocence, there is a failure of proof necessary to sustain a conviction, and as a matter of law a conviction should be reversed. These cases merely held that the court must instruct the jury that circumstantial evidence, in order to convict, must establish such facts and circumstances as to establish guilt of the party charged and inconsistent with any other rational conclusion. In the instant case, the trial court gave an instruction proposed by appellant which fully and adequately complied with the holding in the above cases.

The rule that circumstances relied upon by the prosecution must be consistent with guilt and inconsistent with any hypothesis of innocence is a rule of instruction for the jury, and is not the rule for the guidance of the court on review. (*People* v. *Huizenga*, 34 Cal.2d 669 [213 P.2d 710].) Once a jury has resolved the question, the jury having found the appellant guilty, the court will not examine the jury's conclusion unless there is no evidence whatever that a crime has been committed. (*People* v. *Miller*, 41 Cal.App.2d 252 [106 P.2d 239]; *People* v. *Newland*, *supra*; *People* v. *Daugherty*, 40 Cal.2d 876 [256 P.2d 911].)

The appellant next contends that when the jury acquitted her of arson, as defined in section 448a of the Penal Code, and found her guilty of violating section 606 of the Penal Code, the verdicts were inconsistent as a matter of law, and therefore a reversal and a new trial are mandatory. Section 448a of the Penal Code applies when a fire is set *wilfully* and *maliciously*. Section 606 is applicable when a place of

confinement is *wilfully and intentionally injured.* Section 7, subdivision 4, of the Penal Code defines malice as follows: "The words 'malice' and 'maliciously' import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." Section 7, subdivision 1, of the Penal Code states that the word "wilfully," when applied to the intent with which an act is done or omitted, implies simply "a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." ▮ The word "intentional" is defined "done with intention of purpose, intended, designed." (Webster's Internat. Dict., Black's Law Dict., 2d ed., Funk and Wagnalls New Standard Dictionary of the English Language, p. 1277.) ▮ "Intentionally" is often used as synonymous with "knowingly," and when so used an act is intentional if the person who does it is conscious of what he is doing, and its probable consequences, without regard to the motive which induced him to act. ▮ The fact an act was done intentionally or knowingly does not result in the conclusion that it was done maliciously. ▮ Moreover, an act wilfully done is not necessarily a malicious act. (*Royal Indemnity Co.* v. *Sherman,* 124 Cal.App.2d 512 [269 P.2d 163].) In the case of *In re Carneross,* 114 F.Supp. 119, the court, considering the identical contention which the appellant presses in the instant case, i. e., "Are the terms 'malicious' and 'intentionally' synonymous," held as follows: "The words malicious and intentionally are not synonymous; nor does the one include the other. Something more than an intention to do the thing afterwards pronounced as a wrong and inexcusable is necessary to constitute malice." To the same effect also is *State* v. *Willing,* 129 Iowa 72 [105 N.W. 355]. Malice is a necessary element of the offense of arson. (Pen. Code, § 448a; *In re Bramble,* 31 Cal.2d 43 [187 P.2d 411].) ▮ The ultimate of malice is not a requisite under section 606 of the Penal Code. ▮ The elements of the two offenses not being identical, the finding of guilt as to a violation of section 606 of the Penal Code was not inconsistent with the finding that appellant violated section 448a of the Penal Code. (*People* v. *Hernandez,* 100 Cal.App.2d 128 [223 P.2d 71]; *People* v. *Cordish,* 110 Cal.App. 486 [294 P. 456]; *People* v. *Hight,* 94 Cal.App.2d 100 [210 P.2d 270].) Section 954 of the Penal Code provides: "A verdict of

acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." And the following cases hold that said provision of the Penal Code dictates that an acquittal of one or more counts is not to be deemed an acquittal of any other count, even if such verdicts are inconsistent. (*People* v. *Amick*, 20 Cal.2d 247 [125 P.2d 25]; *People* v. *Codina*, 30 Cal.2d 356 [181 P.2d 881]. See, also, *People* v. *Horowitz*, 131 Cal.App.Supp. 791 [19 P.2d 874]; *People* v. *Stangler*, 18 Cal.2d 688 [117 P.2d 321], and *People* v. *Ranney*, 123 Cal.App. 403 [11 P.2d 405].)

Lastly, appellant complains of the following instructions:

"The charges contained in Count I and Count II of the Information do not charge two separate offenses, but in effect charge that the defendant committed one or the other of such offenses. If you find that the defendant committed an act or acts constituting one of the crimes so charged, you then must determine which of the offenses charged was thereby committed. To support a verdict of guilt you must all agree as to the particular offense committed, and if you find the defendant guilty of one of said offenses you must find her not guilty as to the other."

"If you find to a moral certainty and beyond all reasonable doubt that the Defendant, Madelyn McCree, on or about the 3rd day of July, 1953, did wilfully, and maliciously set fire or burn the jail of the County of Nevada, as charged in Count I of the information, you shall find the defendant guilty of said Count I and your verdict shall read:

" 'We, the Jury, find the defendant Madelyn McCree guilty of burning real property as charged in Count I of the Information.'

"In event you shall find the defendant guilty of Count I of the Information, you shall also find the defendant not guilty as charged in Count II of the Information, and as to said Count II your verdict shall read:

" 'We, the Jury, find the defendant not guilty as charged in Count II of the Information.' "

"If you find to a moral certainty and beyond all reasonable doubt that the defendant Madelyn McCree, on or about the 3rd day of July, 1953, in the County of Nevada, did wilfully and intentionally injure the Nevada County jail as charged in Count II of the Information, you shall find the defendant guilty, and your verdict shall read:

" 'We, the jury, find the defendant, Madelyn McCree

guilty of injuring a jail as charged in Count II of the Information.'

"In event you shall find the defendant guilty of Count II of the Information, you shall also find the defendant not guilty of Count I of the Information and as to said Count I your verdict shall read:

" 'We, the jury, find the defendant not guilty as charged in Count I of the Information.' "

 Where the same criminal act is the basis of two separate counts, an instruction to the effect that the jury cannot find the defendant guilty of both charges is correct. (*People* v. *Hiden,* 102 Cal.App.2d 655, 659-660 [228 P.2d 95]; see, also, CALJIC, § 113, where the identical instruction given in the instant case is approved.)

Appellant next contends that these instructions imported to the jury that count II of the information constituted a lesser or included offense of count I.

 "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].)

 It is apparent that a wilful and malicious burning of a jail includes a wilful and intentional injury to a place of confinement and therefore the offense defined by section 606 is an offense included within the terms of section 448a. A conviction of both crimes could not stand in view of section 654 of the Penal Code.

In the instant case, the jury found appellant guilty of the lesser offense. This finding was supported by the evidence.

 Moreover, even if the alleged error is assumed, appellant cannot complain that she was prejudicially injured thereby, as the jury's refusal to find her guilty of the greater offense and the court's instructions precluding the jury from finding guilt as to both counts, were in her favor. (*People* v. *Ghione,* 115 Cal.App.2d 252, 254 [251 P.2d 997]; *People* v. *Powell,* 34 Cal.2d 196 [208 P.2d 974], citing many cases; also see 4 Cal.Jur.2d 415, Appeal and Error, § 553.)

The order denying a new trial is affirmed. The purported appeal from the judgment is dismissed.

Van Dyke, P. J., and Schottky, J., concurred.