[Crim. No. 185.   First Appellate District.—November 15, 1909.]

## THE PEOPLE, Respondent, v. ALEXANDER STOKES, Appellant.

CRIMINAL LAW — CONVICTION OF MANSLAUGHTER — SELF-DEFENSE — PROVINCE OF JURY—SUPPORT OF VERDICT.—*Held*, that while the evidence shows that the defendant and the deceased had, prior to the homicide, been friends, and had been drinking heavily during the evening and night on which the homicide occurred, and were both intoxicated, it further shows that the death was caused by the head of the deceased striking the hard sidewalk, as the result of a fall from a blow inflicted by the defendant, and that the parties had been quarreling, and that the question whether or not the blow was or was not in necessary self-defense was one peculiarly for the jury, under all the evidence and circumstances of the case, and that the evidence sufficiently supports the verdict of manslaughter.

ID.—INSTRUCTION AS TO MANSLAUGHTER—QUALIFICATION BY SUCCEEDING INSTRUCTIONS AS TO EXCUSABLE HOMICIDE.—An instruction referring to the charge in the information that the killing was willful and unlawful, stating: "If you believe from the evidence beyond a reasonable doubt that the defendant, upon a sudden quarrel or heat of passion, or in the commission of an unlawful act not amounting to a felony, killed the said Thomas C. Rowley, as charged in the information, you should find the defendant guilty of the crime of manslaughter," is not rendered erroneous for not embodying the law of excusable homicide therein, but it is sufficient that it correctly states the law, when taken together with immediately succeeding instructions fully stating the law of excusable homicide.

ID.—REQUESTED INSTRUCTIONS EMBODIED IN CHARGE.—It is not error to refuse to give requested instructions, which, in so far as they are material, are substantially given elsewhere in the charge.

ID.—INSTRUCTIONS TO BE CONSIDERED AS A WHOLE.—The appellate court must consider the instructions as a whole; and if, when so considered, they fairly state the law, as applied to the facts of the case, and as applied to any plausible claim made by the defendant based upon the evidence, this court cannot interfere.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

F. P. Feliz, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

COOPER, P. J.—Defendant was convicted of the crime of manslaughter, and sentenced to imprisonment in the state prison for a term of five years. This appeal is from the judgment and from the order denying the defendant's motion for a new trial.

The claim urged by defendant's counsel that the evidence is insufficient to support the verdict is without merit. While the evidence shows that the defendant and the deceased had, prior to the homicide, been friends, and had been drinking heavily during the evening and night on which the homicide occurred, and were both intoxicated, it further shows that the death was caused by the head of deceased striking the pavement or hard sidewalk as the result of a fall from a blow inflicted by defendant, and that the parties had been quarreling; and there is evidence to the effect that the deceased called defendant a name and struck or pushed him back; but considering the fact that the deceased was so intoxicated at the time that he could hardly stand, and that the question as to whether or not the blow inflicted by defendant was or was not in necessary self-defense, was one peculiarly for the jury under all the evidence and circumstances of the case, we do not deem it our duty to interfere.

The jury recommended defendant to the mercy of the court, and the recommendation appears to have been acted upon, as the sentence was for only one-half of the term that the court might have imposed upon him.

Counsel for appellant states that the most vital error committed by the court was the giving to the jury of the following instruction: "If you believe from the evidence beyond a reasonable doubt that the defendant, upon a sudden quarrel or heat of passion, or in the commission of an unlawful act not amounting to a felony, killed the said Thomas C. Rowley as charged in the information, you should find the defendant guilty of the crime of manslaughter."

The instruction refers to the killing as charged in the information; and the information charges the killing to have

been willful and unlawful. It is true that the instruction standing alone does not fully state the circumstances under which a homicide is excusable, but it was immediately followed by other instructions which were as follows: "Homicide is excusable in the following cases: First, when committed by accident or misfortune in lawfully correcting a child or servant, or in doing any other lawful act by lawful means with the usual and ordinary caution and without any unlawful intent. Second, when committed by accident and misfortune in the heat of passion upon any sudden and sufficient provocation, or upon a sudden combat when no undue advantage is taken nor any dangerous weapon used, and when the killing is not done in a cruel or unusual manner.

"But if you believe from the evidence beyond a reasonable doubt that the defendant unlawfully killed Thomas C. Rowley in the commission of an unlawful act, not amounting to a felony, then the homicide is not excusable, and you should find the defendant guilty as charged in the information."

It is sufficient to say that the instruction complained of, when coupled with the instructions immediately following, correctly states the law.

There was no error in refusing to give instructions numbered 2 and 23, which were requested by defendant. In so far as they were material, they were substantially given elsewhere. We must consider the instructions as a whole; and if, when so considered, they fairly state the law as applied to the facts of the case, and as applied to any plausible claim made by defendant based upon the evidence, we cannot interfere. The defendant appears to have had a fair and impartial trial, and we find no error that would justify a reversal.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.