[Crim. No. 2870.  First Dist., Div. Two.  Jan. 8, 1953.]

THE PEOPLE, Respondent, v. LOUIS GHIONE, Appellant.

Chester E. Ross for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was charged with manslaughter and convicted of battery by a jury.  The unfortunate series of incidents leading to the death of one Sullivan occurred in a bar in the city of Hollister.  Appellant, a former amateur boxer, met one Hudson in the bar and after an argument with him struck Hudson twice on the face or head with his fists breaking his jaw and knocking him out.  Taking de-

fendant's own testimony as to what afterwards occurred we quote from the record:

"Q. While you were in that position and watching, as you have described, what happened next, Mr. Ghione? A. Well, while I was standing there I heard somebody from in back of me say, 'You can't do that to my Buddy.' Q. What did you do then? A. Well, as I turned around I saw this fellow— Q. You saw what? A. I saw Sullivan, Bob Sullivan, and he was ready to fight and challenge me so I took a cut at him. Q. When you say he was 'ready to fight and challenge' you, what did you observe? A. He had his fists clenched and you can tell from the expression of his face when a man is ready to fight—a man can tell when a man is ready to defend himself. Q. Have you had some boxing training, Mr. Ghione? A. Yes, I did. Q. You made a statement there that you can tell by a man's eyes whether he is going to defend himself, is that something you learned in your boxing experience? A. Yes, that's right. Q. At the time when this—when you observed Mr. Bob Sullivan there, do you recall about how far you were apart? A. Well, we weren't but about three feet apart, I guess. Q. And he was facing you, was he? A. Yes, he was. Q. Where were his hands that you say were clenched? A. They were to the side of him but they were clenched. Q. How did he hold them, down at the bottom—is that right? A. That's right. Q. What did you do at that particular time? A. I just hauled off and hit him—I just reached out and hit him."

█ Appellant's sole attempted justification before the jury was that in striking the fatal blow he was acting in self-defense. His own testimony above quoted demonstrates that this defense was hardly even a colorable one. Appellant at no time testified that he was in any fear of Sullivan, let alone in fear of death or great bodily injury, and applying the reasonable man test a former amateur fighter 6 feet 1 inch in height and weighing 180 pounds would hardly be in fear of a man 5 feet 8 inches tall and weighing 147 pounds whose hands were clenched at his sides. (13 Cal.Jur. 638-640.)

Appellant's sole complaint on appeal is that if he was guilty of battery he must have been guilty of manslaughter and that the court committed prejudicial error in instructing the jury on battery as an included offense of which they might find the appellant guilty.

Appellant cannot dispute that the evidence is ample to support the jury's verdict of battery. The case is not at all

similar in this respect to *People* v. *Kelley,* 24 Cal.App. 54 [140 P. 302], most strongly relied upon by appellant. In the Kelley case the defendant was charged with murder. He intentionally fired the fatal shot so that there was no theory under the evidence by which he could be convicted of *involuntary* manslaughter. The court held it prejudicial error under these facts to instruct the jury on *involuntary* manslaughter. Some doubt is cast even upon that holding in *People* v. *Powell,* 34 Cal.2d 196, 206 [208 P.2d 974], where the court said of the Kelley case and *People* v. *Huntington,* 138 Cal. 261 [70 P. 284] : "It may be noted, also, that each was decided before the adoption of section 4½ of Article VI of the California Constitution, which requires that a conviction not be set aside on the ground of misdirection of the jury unless, after an examination of the entire cause, the court is of the opinion that the error resulted in a miscarriage of justice."

■ We are completely satisfied that this case is properly governed by the rule announced in the same case with supporting authorities (34 Cal.2d 205-206) :

"Furthermore, even if it be assumed that the trier of fact erred here when he found defendant guilty only of manslaughter, defendant cannot invoke reversal on an error which is favorable to him. (See Code Civ. Proc., § 475; 2 Cal.Jur., Appeal and Error, §§ 493, 595; 8 Cal.Jur., Criminal Law, §.562.) An appellant is precluded from' complaining that he was convicted of a lesser offense than the one of which he is guilty according to undisputed evidence, or according to that view of the evidence which, it indisputably appears, the trier of fact accepted. (*People* v. *Barnhart* (1881), 59 Cal. 381, 384; *People* v. *Maroney* (1895), 109 Cal. 277, 279 [141 P. 1097] ; *People* v. *Muhlner* (1896), 115 Cal. 303, 305 [47 P. 128] ; *People* v. *Glab* (1936), 15 Cal.App.2d 120, 122 [59 P.2d 195] ; *People* v. *Blackwood* (1939), 35 Cal.App.2d 728, 733 [96 P.2d 982] ; other cases stating this rule are collected in 13 Cal.Jur., Homicide, § 64.)"

While the Powell case involved a nonjury trial the cases cited are all jury cases and the principle is well settled in its application to trials before a jury. See, also: *People* v. *Amick,* 20 Cal.2d 247 [125 P.2d 25] ; *People* v. *Dong Pok Yip,* 164 Cal. 143 [127 P. 1031] ; *People* v. *Cota,* 53 Cal.App.2d 455 [127 P.2d 1010] ; *People* v. *Wolcott,* 137 Cal.App. 355 [30 P.2d 601] ; *People* v. *Jenkins,* 118 Cal.App. 115 [4 P.2d 799] ; *People* v. *Tugwell,* 32 Cal.App. 520 [163 P. 508] ; *People* v. *Lopez,* 21 Cal.App. 188 [131 P. 104] ; 8 Cal.Jur. 379.

The case on its facts was anything but close and on the record before us it seems clear that the jury seized, for some reason known only to themselves, on the opportunity, given them by the instruction that they might find the defendant guilty of battery, to ameliorate the law in its application to the facts. For this undeserved windfall appellant should be grateful instead of attempting to capitalize on it to escape even the modicum of punishment meted out to him for a battery which resulted in the death of a fellow human being.

Judgment and order denying a new trial affirmed.

Nourse, P. J., and Goodell, J., concurred.