[Crim. No. 8719.   Second Dist., Div. One.   June 1, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WALTER JOSEPH CHANDLER, Defendant and Appellant.

Robert W. Stanley for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David S. Sperber, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with robbery. (Pen. Code, § 211.) The information alleges that he feloniously and by means of force and fear took "from the person, possession and immediate presence of Meyer Kaufman . . . money and narcotics," that defendant was armed with a deadly weapon at the time of the commission of the offense, and that he had previously been convicted of a felony for which he served a term in the federal prison. He admitted the prior felony charge. After a trial by jury had commenced, defendant waived his right to a jury and stipulated that the cause be

submitted to the trial court on the transcript of the testimony taken at the preliminary hearing. The prosecution offered additional evidence. Defendant presented no defense and did not testify; he was found guilty of "Grand Theft from the person, a lesser included offense." He appeals from the judgment. His purported appeals from the verdict, conviction, order denying motion for new trial and "all appealable orders rendered in favor of plaintiff" are dismissed. (Pen. Code, § 1237; *People* v. *Basnett,* 186 Cal.App.2d 108, 112 [8 Cal. Rptr. 804]; *People* v. *Bernhardt,* 222 Cal.App.2d 567, 571 [35 Cal.Rptr. 401].)

Around 9 p.m. on August 24, 1961, Meyer Kaufman a druggist, was in the back of the prescription counter of a pharmacy when he heard a commotion in the front of the store and someone herding customers into the back and into the lavatory. A man was in the front, another in the back. One of the men told Kaufman, "Get the money"; Kaufman went to the back register and got something over $100 which he put into a bag, which was underneath the register, and handed it to him. As Kaufman did so, the man also said, "Give me the narcotics, too." Kaufman unlocked the narcotic files as fast as he could, put what he had available into a bag and gave the bag to the men. The narcotics consisted of demerol and codeine. He was then herded into the lavatory in back of the prescription counter.

As she entered the store Pamela Boros was "grabbed" by defendant who had a gun; he told her, "Get in the back. This is a holdup." He took her to the back where she saw another man with a gun, and Mr. Kaufman and others lying on the floor. Two men pushed her and told her to lie down. While she was lying on the floor she heard someone say, "Open the safe." Then the men made them get up and locked them in the lavatory. She also heard someone say, "Give me the cash in the safe." Two more customers had entered the store and they, too, were put in the lavatory. In all, about six people were in there, where they remained three or four minutes. Miss Boros heard one of the men say, "Get the heroin."

Nancy Darling and her father entered the store; a man who was on the phone got behind her and stuck a gun in her back, ordering her to walk to the rear. They were directed to the lavatory and told that they could come out in 10 minutes. She saw defendant in the rear of the pharmacy.

Appellant contends that the trial court erred in finding him

guilty of grand theft, person; he argues that to support the conviction the taking must be from the person, and there is no such evidence in the record.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) "Grand theft is theft committed in any of the following cases: . . . 2. When the property is taken from the person of another. . . ." Pen. Code, § 487.)

■ The crime of robbery is committed by one of two alternative acts—the felonious taking of personal property in the possession of another from his "immediate presence" *or* such taking "from his person." (§ 211.) ■ While robbery which consists solely of taking property from the "immediate presence" may not include all of the elements of grand theft, person (*People* v. *McElroy,* 116 Cal. 583, 586 [48 P. 718]), it is apparent from the statutory definition that robbery which consists of "the felonious taking of personal property in the possession of another, from his person . . . ." (§ 211), includes all of the elements of the offense denounced by section 487, subdivision 2, Penal Code—the taking of property "from the person of another." (*People* v. *Moreland,* 150 Cal.App.2d 417, 419 [309 P.2d 864].) ■ Thus, one charged simply with robbery "in the words of the enactment describing the offense" (Pen. Code, § 952) would be charged with, and, if the evidence supported the same, could be properly convicted of, the offense defined by section 487, subdivision 2.

■ However, the statutory definition is not "the exclusive measure of included offenses." The lesser offense of grand theft, person is "necessarily included" if it is within the offense specifically charged in the accusatory pleading. (*People* v. *Marshall,* 48 Cal.2d 394, 398-399 [309 P.2d 456].) ■ The particular robbery pleaded in the information here includes all of the elements of a violation of section 487, subdivision 2. It is specifically alleged that defendant "did wilfully, unlawfully, feloniously and by means of force and fear take from the person, possession and immediate presence of Meyer Kaufman . . . money and narcotics." ■ The allegation that money and narcotics were taken "from the person . . . of Meyer Kaufman" by robbery necessarily imports the elements of grand theft, person, to wit: the taking of money and narcotics from the person of Meyer Kaufman. (Pen. Code, § 487, subd. 2.)

Moreover, such accusatory pleading properly informed defendant that he must be prepared at the trial to contravene evidence that he took money and narcotics from the person of Meyer Kaufman. (*In re Hess*, 45 Cal.2d 171, 175 [288 P.2d 5].) Further, he was put on notice by the evidence adduced at the preliminary hearing that he could and might be convicted of the charge of grand theft, person. (*People* v. *Collins*, 54 Cal.2d 57, 58, 60 [4 Cal.Rptr. 158, 351 P.2d 326].) That defendant actually knew the range of offenses involved, including grand theft, is reflected in his declaration filed in support of motion for new trial. He stated therein that before the trial there had been considerable discussion between him and his counsel concerning a possible plea of guilty to grand theft and of what offense he could be convicted if he went to trial. Defendant, knowing the testimony contained in the transcript of the preliminary hearing, agreed to submit the cause on the same to the trial judge and chose to offer no defense and to remain silent. However, it appears from his motion for new trial that had he offered a defense it would have consisted of an alibi, which to the charge of robbery would have necessarily included a defense to grand theft, person. Defendant was in no manner prejudiced by his conviction of the lesser offense; indeed he was fortunate, in light of the positive identification of him as one of the robbers and his possession of the gun at the time, that he was not found guilty of first degree robbery. (§ 211a.)

As to the showing made, the evidence is sufficient to support the grand theft conviction. While at first Meyer Kaufman was only in constructive possession of the money and narcotics, later, in the process of the holdup and in fear of the two men, against his will and upon order of one of them, he personally took the money from the register and the narcotics from the file and placed them in bags and handed them to one of the robbers. At that time the money and narcotics were on the person of Meyer Kaufman.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.