[Crim. No. 377. Fifth Dist. May 15, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CARROLL ELTON MAYES, Defendant and Appellant.

LaCoste, Keller, Reid & Azevedo and Ernest LaCoste for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Nelson P. Kempsky, Deputy Attorney General, for Plaintiff and Respondent.

GARGANO, J.—Defendant was charged with murder in violation of Penal Code section 187. No other charges were made or specified in the information. Subsequently, the district attorney stipulated that the offense was not murder in the first degree and the cause proceeded to trial on this basis. After jury trial defendant was convicted of a battery. The trial court denied defendant's motion for a new trial and sentenced him to serve six months in the county jail. Defendant was released on bail and this appeal followed.

At approximately 11 p.m. on October 28, 1966, defendant was in a bar called "Cliff's Place" in Stanislaus County. At the time he was playing dice with two other men, Rudy Alfaro and the victim, Bob Suguitan. Shortly thereafter the defendant quit the game and one F. L. Pitts took his place. The dice game ended around 12 o'clock midnight with Suguitan the winner of $50 to $60. After the game ended Suguitan began to argue with Pitts and the defendant. A few minutes later the victim left his seat at the bar and walked to the restroom. Defendant immediately followed, and they apparently entered the restroom together. Defendant was the first to return to the barroom. A moment later the victim walked slowly out of the restroom with his hands in his pockets. As he approached defendant, who by then was seated at the bar, defendant got off his bar stool and hit Suguitan in the face with his fist. Defendant's punch knocked Suguitan into another person sitting on a nearby stool and then onto the floor where he struck his head and shoulder. Suguitan was then taken to the hospital where he died four days later.

Defendant cannot (and he does not) dispute that the evidence is ample to support his conviction of a battery in

violation of section 242 of the Penal Code. His only contention for reversal is the court committed prejudcial error when it failed to instruct the jury on excusable homicide.[1] He argues, "If the homicide was excusable *then the lesser included offense of battery* of which the defendant was convicted would also be excusable."

It is of course true that the failure of the trial court to instruct the jury on justifiable homicide, when the evidence justifies the giving of the instruction, is prejudicial error if the defendant is convicted of a homicide (*People* v. *Hampton,* 96 Cal.App. 157 [273 P. 854]). But it is elementary that a defendant may not complain if he was not prejudiced. Consequently, since defendant was not convicted of a homicide, the main offense for which he was tried, it is obvious that he was not prejudiced as to this offense by the court's failure to give his proffered instruction.

Defendant's categorical statement that if the homicide is excusable the battery is also excusable is based on the fallacious assumption that there can be no criminal battery in any case where there is an excusable homicide. ▉ A battery is "any wilful and unlawful use of force or violence upon the person of another" (Pen. Code, § 242). And no provocative act which does not amount to a threat or attempt to inflict injury, and no conduct or words, no matter how offensive or exasperating, are sufficient to justify a battery (5 Cal.Jur.2d, Assault and Battery, § 14, p. 319 (1967 ed.); *People* v. *Giles,* 70 Cal.App.2d Supp. 872 [161 P.2d 623]; *People* v. *Mueller,* 147 Cal.App.2d 233 [305 P.2d 178]). In other words, the immunity provided by Penal Code section 195 as to a homicide has not been extended to a battery. Thus, if A, in the heat of passion and with sufficient provocation, strikes B with his fist after a sudden quarrel, with no intent to kill or injure B, and B dies as a result of the blow, the homicide is excusable under Penal Code section 195. But to hold that no wrong is committed under these circumstances unless B acted in self-defense would invite aggressive conduct and eventually lead to the law of the jungle.[2] Thus, A is nevertheless guilty of a

[1]Penal Code section 195 provides: "Homicide is excusable in the following cases:

" . . . . . . . .

"2. When committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, when no undue advantage is taken, nor any dangerous weapon used, and when the killing is not done in a cruel or unusual manner."

[2]In some jurisdictions homicides committed in the heat of passion upon a sudden quarrel or with sufficient justification are never deemed excus-

198

battery for all essential elements of a battery are present, and the only legal justification of battery is self-defense.[3]

 Significantly, the court in the instant case fully and fairly instructed the jury on every essential element of a battery. The court also instructed the jury on self-defense. Thus, it is manifest that the jury did not believe that defendant acted in self-defense; otherwise, they would not have found him guilty of any offense. And, since there is no legal justification for a battery short of self-defense (as we have seen, the provisions of Penal Code section 195 relating to provocations and sudden combat are not applicable to a battery), it is also manifest that defendant was not entitled to his proffered instruction on section 195 as to the battery in addition to the instructions already given on this offense. In fact, if defendant had been tried solely for a battery he would not even argue that he was entitled to the instruction. Consequently, his subtle suggestion that the jury must have settled on the lesser offense simply because the court did not instruct on excusable homicide is sheer speculation and nothing more. We have carefully examined the evidence and we are convinced that, if anything, defendant was not convicted of a homicide primarily because the jury was given a choice of a lesser offense.

 A secondary question presented herein (although not raised by the defendant), is whether defendant's conviction of battery can be permitted to stand since he was not charged with this offense in the information. It is the general rule that a person cannot be convicted of an offense not charged against him by indictment or information unless the offense is necessarily included in the offense charged (*In re Hess,* 45 Cal.2d 171, 174-175 [288 P.2d 5]). Moreover, an

able; they are merely reduced to the crime of manslaughter (*State* v. *Painter,* 329 Mo. 314 [44 S.W.2d 79]; *Reed* v. *State* (1882) 11 Tex.App. 509 [40 Am.Rep. 795]).

[3] See 1 U.C.L.A. Law Review, page 159, in which it is stated: "Moreover, if a guilty participant in what started out as a nondeadly scuffle has killed his adversary, there should be a difference between one who did so as a last resort in self-defense when his back was at the 'wall' and another who did so, not defensively, but in the sudden heat of passion engendered by the fight. Those who take the position that homicide resulting from the 'imperfect right of self-defense' is manslaughter, do so upon the ground that the slayer is not entitled to go free because of his wrong in starting, or culpably participating in, the encounter. The premise is sound but the conclusion faulty. One who has struck an ordinary blow without justification or excuse is not entitled to go free, of course. He should be convicted of assault and battery which is his real offense. But he should not be held criminally responsible for a homicide which was forced upon him by the greater wrong of the other party."

offense is necessarily included in the offense charged in the information or indictment *only* if the latter offense cannot be committed without also committing the lesser offense (*In re Hess, supra,* at p. 174; *People* v. *Harris,* 191 Cal.App.2d 754 [12 Cal.Rptr. 916]).

Manifestly, there are several methods by which a murder can be committed without touching the victim and hence without committing a battery in the technical sense. The starving, frightening or luring of a victim to his death are a few examples. Thus, it is arguable that a battery is not a necessarily included offense of the crime of murder.[4] However, we need not answer this troublesome question for we conclude that in any event the rationale of *In re Hess* does not apply to the facts of this case. On the contrary, we believe that the instant case is governed by the underlying reasons behind the Supreme Court's decision in *People* v. *Collins,* 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326]. In that case the defendants were charged with forceable rape and convicted of statutory rape. The Supreme Court affirmed the conviction. The court at page 59 of its opinion stated: ''An accused should be advised on the charge against him in order that he may have a reasonable opportunity to prepare and present his defense. When the information charges rape committed under the circumstances stated in a particular subdivision of section 261 and the prosecution offers proof of different circumstances which bring the act under another subdivision, the accused may be taken by surprise *unless before the trial he has received notice of the possibility of such a variance by other means than the information.*'' (Italics added.)

Admittedly, the Supreme Court's decision in *Collins* was limited to an offense such as rape which although defined by several subdivisions of the Penal Code is nevertheless a single offense (*People* v. *Leech,* 232 Cal.App.2d 397 [42 Cal.Rptr. 745]). However, be this as it may, the real test is whether the defendant had knowledge of every possible theory under which the prosecution was proceeding or whether he was taken by surprise. Thus, the rationale of *Collins* was carried one step further in *People* v. *Hensel,* 233 Cal.App.2d 834 [43

---

[4]The case of *In re McCartney,* 64 Cal.2d 830 [51 Cal.Rptr. 894, 415 P.2d 782], indicates that a battery is not a necessarily included offense of homicide. In that case the Supreme Court stated that an indictment or information charging murder also charges all lesser offenses necessarily included in the crime of murder, including voluntary and involuntary manslaughter. Significantly, the court did not mention a battery.

Cal.Rptr. 865], and in *People* v. *Chandler*, 234 Cal.App.2d 705 [44 Cal.Rptr. 750]. In *Hensel* the court held that the conviction of a lesser but not necessarily included offense is proper "if the indictment or information, as drawn and on which a defendant was arraigned, contains allegations not necessary for a pleading of the major offense but which interject, as additional allegations, sufficient facts so that the elements of the 'lesser' offense are fully set out; . . ." In *Chandler* the court upheld defendant's conviction of grand theft from the person although he was charged with armed robbery because the pleading alleged that the victim's property had been taken from his person. Moreover, the court stated: "Further, he was put on notice by the evidence adduced at the preliminary hearing that he could and might be convicted of the charge of grand theft, person." (234 Cal.App.2d at p. 709.) And, significantly, in *People* v. *Ghione*, 115 Cal.App.2d 252 [251 P.2d 997], the defendant was charged with manslaughter and convicted of a battery. Although the question under discussion was not considered by the court in its opinion, the conviction of the lesser offense was sustained. The court at page 254 of the opinion stated: " 'Furthermore, even if it be assumed that the trier of fact erred here when he found defendant guilty only of manslaughter, defendant cannot invoke reversal on an error which is favorable to him. (See Code Civ. Proc., § 475; 2 Cal.Jur., Appeal and Error, §§ 493, 595; 8 Cal.Jur., Criminal Law, § 562.) An appellant is precluded from complaining that he was convicted of a lesser offense than the one of which he is guilty according to undisputed evidence, or according to that view of the evidence which, it indisputably appears, the trier of fact accepted.' "

In the instant case the defendant was on notice that the prosecution was relying on the barroom fight in order to sustain its charge of murder. In fact, defendant admitted striking the victim in the mouth with his fist. His sole defense was that the victim (not defendant) was the aggressor.[5] Thus, there was no variance between the circumstances relied upon by the People in support of the murder charge alleged in the

---

[5]Defendant testified at the trial that the victim was the initial aggressor. Defendant stated that the victim walked up to him after leaving the restroom and asked defendant to play dice. When defendant refused the victim grabbed defendant by his arm and then by the collar, almost jerking defendant from his stool. Defendant related that he reacted to the victim's aggressive tactics by punching him in the mouth. He admitted that the victim fell, glancing off another stool to the floor.

information and the circumstances which led to defendant's conviction of a battery. Furthermore, defendant requested the court to give an instruction to the jury on the lesser offense of battery.[6] Manifestly, a defendant cannot be permitted to complain that he was convicted of a lesser offense not charged in the indictment or information where, as here, (1) there was ample evidence to sustain the conviction; (2) the defendant, prior to the trial, had full knowledge of all of the circumstances relied upon by the People, and there was no variance from these circumstances which causes us to reasonably believe that defendant might have presented a different defense or additional evidence had he contemplated a conviction on the lesser offense; and (3) the defendant actually requested the court to submit the battery issue to the jury, and there is good cause to believe that he escaped conviction on the greater offense for this very reason.

The judgment is affirmed.

Stone, J., concurred.

CONLEY, P. J.—I dissent. The defendant was charged in the information with murder; he was convicted of battery, an offense ''not necessarily included in the former,'' as conceded in the foregoing opinion. It is established beyond cavil in this state that ''A person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense'' (*In re Hess*, 45 Cal.2d 171, 174-175 [288 P.2d 5]). (See also *People* v. *Kennedy*, 133 Cal.App.2d 693, 694 [284 P.2d 898].) I would reverse the judgment.

---

[6]Defendant's proffered instruction on battery was refused with the court's notation that it was a duplicated instruction.