[Crim. No. 15833. Second Dist., Div. Five. Jan. 27, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
CARLOS MARTINEZ, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

James A. Poore for Defendant and Respondent.

## OPINION

**STEPHENS, J.**— This is an appeal by the People, pursuant to Penal Code section 1238, subdivision 1, from an order setting aside count I of an information on a defense motion pursuant to Penal Code section 995. Defendant was charged by information with violation of Penal Code section 242 (battery on a peace officer) in count I, and with violation of Penal Code section 148 (obstructing public officers in the discharge of their duties in count II.

On July 7, 1968, at approximately 3:30 in the afternoon, Officer Erland E. Polson, a uniformed police officer for the City of Manhattan Beach, in the company of six other policemen, was attempting to shut down a loud party at 1618 Tenth Street in Manhattan Beach. While Officer Polson was standing next to a police vehicle helping a fellow officer arrest another

person, defendant, who lived at that address, came to within two feet of the officers and shouted in a very loud tone of voice, "Who do you think you are? You can't do this. Where are you taking him?" Defendant kept repeat-. ing these statements and Officer Polson advised him to go back to the sidewalk and stop interrupting the officers. Finally defendant backed up onto the sidewalk, continuing "to yell at [Officer Polson], abuses at [Officer Polson]." The officer, who was wearing motorcycle boots, said, "Now, what are you going to do about it?" At the time he made the statement, Officer Polson "might have touched [defendant's] property. [He could not] say. [Officer Polson and defendant] were standing on the west side of the property. [The officer didn't] know if it was [defendant's] property or the property of the other resident." Defendant, who was barefooted, kicked him twice in the shin. Officer Polson did not suffer any injury. "The most I would say it smarted due to the fact I was wearing motorcycle boots."

Penal Code section 243 provides that battery is punishable by a fine of not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding six months, or both, unless the battery is committed against the person of a peace officer engaged in the performance of his duties. In that case the battery shall be punished by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison for not less than one nor more than ten years. Defendant argues that when a barefooted young man kicks a police officer's booted leg after the officer has asked "What are you going to do about it?" and the officer suffers no injury, there has not been a battery on a police officer within the provisions of section 243.[1] However, section 243 does not change the definition of battery, it only provides for a greater penalty when acts otherwise constituting a battery are committed upon a peace officer engaged in the performance of his duties. To paraphrase Gertude Stein, "A battery is a battery is a battery." As the court in *People* v. *Williams,* 264 Cal.App.2d 885, 888 [70 Cal.Rptr.

---

[1]The court below apparently accepted this argument. At the hearing on defendant's 995 motion on September 6, 1968, the court stated:

"It certainly doesn't seem to me to be a felony. This defendant's conduct is not approved by the Court; but at the same time it hasn't reached the felony grade, where the officer has on boots and the defendant kicked him in the leg barefooted. . . . .

"My Code, as I have the 1967 cumulative part . . . This section provides there is no alternative sentence here. The punishment is in State Prison one to ten years. I don't believe it is the intention of the Legislature to have a defendant sentenced to State Prison one to ten years when he is barefoot and kicks a police officer with boots on. I think it would have to be something more than that. You can't even make this a misdemeanor."

On November 13, 1968, the amendment providing for alternative punishment went into effect. This amendment applies to all cases in which a judgment has not become final prior to its effective date. (*People* v. *Francis,* 71 Cal.2d 66, 75 [75 Cal. Rptr. 199, 450 P.2d 591].)

882], added: "A battery is a battery whoever may be the victim. It is simply that section 243 of the Penal Code increases the punishment if the victim is a peace officer and certain other requirements are satisfied."

The definition of battery in Penal Code section 242, any willful and unlawful use of force or violence upon the person of another, remains the same. Any harmful or offensive touching constitutes an unlawful use of force or violence. (*People* v. *Bradbury,* 151 Cal. 675, 676-677 [91 P. 497].) We are not prepared to say that a barefooted kick is unoffensive. Given the appropriate circumstances and the appropriate barefoot, it may be more than ordinarily offensive.

Defendant could not argue that the officer's words justified the battery. No conduct or words, no matter how offensive or exasperating, are sufficient to justify a battery. (*People* v. *Mayes,* 262 Cal.App.2d 195, 197 [68 Cal.Rptr. 476].) For purposes of a section 995 motion, all inferences favorable to the magistrate's ruling at the preliminary hearing must be drawn. (*People* v. *Akard,* 215 Cal.App.2d 182 [30 Cal.Rptr. 69].)

The judgment is reversed.

Kaus, P. J., and Reppy, J., concurred.