Filed 11/13/13  In re E.L. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re E.L., a Person Coming Under the Juvenile Court Law. | B246558 |
| | (Los Angeles County Super. Ct. No. TJ19742) |
| THE PEOPLE, Plaintiff and Respondent, v. E.L., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin L. Brown, Judge.  Affirmed as modified.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

E.L. appeals from an order placing him on probation without wardship after the juvenile court found he had committed battery. He contends the evidence is insufficient to support the finding. We affirm the order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Delinquency Petition*

A Welfare and Institutions Code section 602 petition was filed alleging E.L., then 15 years old, had committed battery on public school property in violation of Penal Code section 243.2, subdivision (a).

### 2. *The Jurisdiction Hearing*

E.L. and two female students were late to class; and the teacher, George Youngblood, asked why they were tardy. E.L. said he had been walking around. Youngblood did not recognize E.L. and questioned him further. E.L. then said he had been in detention in his prior class. Youngblood said he needed documentation of the detention and agreed E.L. could leave class to obtain it. As Youngblood was escorting E.L. to the door, E.L. said to him, "Get out of my face." Youngblood testified he asked E.L., "What did you say?" and E.L. responded by pushing Youngblood in the chest with both hands, causing Youngblood to fall back against the wall. Youngblood regained his balance and attempted to control E.L. by restraining his "neck and head area," walking him out the classroom and holding him against an outside railing. The principal arrived less than a minute later and demanded that Youngblood release E.L.

Tyler Benion and Marlene Alvarez were students in Youngblood's class at the time of the incident. Benion, who was sitting six or seven feet away, heard E.L. say to Youngblood, "Get out of my face." Youngblood responded, "I'm not in your face yet." En route to the classroom door the two of them stopped, and Youngblood said to E.L., "I'm in your face now. What are you gonna do?" Youngblood then grabbed E.L.'s necklace, put his hands around E.L.'s throat and pushed E.L. against the outside railing. Although Benion could not recall his earlier statements to police, he did not dispute telling an officer E.L. had touched Youngblood first, pushing the teacher's chest with

2

both hands, causing him to take a step backward.[1]  Marlene Alvarez testified E.L. pushed Youngblood first, causing him to fall backward.  Youngblood then grabbed E.L's necklace and took him outside the classroom.  She also testified Youngblood said at one point, "Get me out of your face."[2]

At the close of the People's case defense counsel moved to dismiss the petition pursuant to Welfare and Institutions Code section 701.1, arguing the People had failed to prove E.L. was not acting in self-defense or engaged in mutual combat when he pushed Youngblood.  After hearing argument, the court denied the motion.

E.L. did not testify in his defense.  A student in another classroom testified he looked outside and saw Youngblood restraining E.L. against the railing.  E.L.'s father testified there were red markings on E.L.'s neck after the incident, which were not present when his son left for school that morning.

Following argument by counsel, the court found Youngblood a less than credible witness, but sustained the petition, crediting Benion's and Alvarez's testimony.

3.  *The Disposition Hearing*

At the disposition hearing the juvenile court placed E.L. on probation for six months without declaring wardship pursuant to Welfare and Institutions Code section 725, subdivision (a).[3]  E.L. filed a timely notice of appeal.  (See *In re Do Kyung K.*

---

[1]     Detective Tuan Le of the Compton School Police Department testified Benion told him during an interview following the incident that E.L. pushed Youngblood's chest first with both hands and the teacher took a step backward.

[2]     At the hearing Youngblood did not recall making this or a number of other statements attributed to him by the witnesses  He denied grabbing E.L.'s necklace or placing his hands around E.L.'s neck.

[3]     The parties agree the juvenile court calculated a six-month maximum period of confinement that is of no legal effect because E.L. was not ordered removed from the physical custody of his parent or guardian.  (See Welf. & Inst. Code, § 726, subd. (c); *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 [court required to specify maximum period of physical confinement only when minor removed from physical custody of his or her parent or guardian]; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573-574 [same].)  Accordingly, we strike that term from the court's minute order.

3

(2001) 88 Cal.App.4th 583, 590 [juvenile may appeal order placing him on probation without wardship pursuant to Welf. & Inst. Code, § 725, subd. (a)].)

## DISCUSSION

### 1. *Standard of Review*

The same standard governs review of the sufficiency of the evidence in juvenile cases as in adult criminal cases: "[W]e review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] . . . [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] '. . . [Citation.] We resolve neither credibility issues nor evidentiary conflicts . . . . [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *In re Matthew A*. (2008) 165 Cal.App.4th 537, 540.)

### 2. *The Juvenile Court's Finding E.L. Committed Battery Is Supported by Substantial Evidence*

"A battery is any willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) "Any harmful or offensive touching constitutes an unlawful use of force or violence. [Citation.]" (*People v. Martinez* (1970) 3 Cal.App.3d 886, 889.) E.L. does not challenge the finding he pushed Youngblood, but claims he acted in self-defense.

Self-defense or defense of another is a "legal justification of battery." (*People v. Mayes* (1968) 262 Cal.App.2d 195, 198; see *People v. Cain* (1995) 10 Cal.4th 1, 73; CALCRIM Nos. 960, 3470.) "[T]he defendant must actually and reasonably believe in the need to defend." (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1082.) More specifically, the defendant must reasonably believe he or she was in imminent danger of suffering bodily injury or of being touched unlawfully and the immediate use of force was necessary to defend against that danger. (*People v. Minifie* (1996) 13 Cal.4th 1055,

4

1064-1065.) The defense "'is limited to the use of such force as is reasonable under the circumstances.'" (*Id*. at p. 1065.) The People have the burden to prove beyond a reasonable doubt the defendant's use of force was not in lawful self-defense. (*People v. Adrian* (1982) 135 Cal.App.3d 335, 340-341.)

E.L. concedes he initiated the harmful or offensive touching by pushing Youngblood in the chest, but argues he did so believing he was in imminent danger of being unlawfully touched by Youngblood. E.L. maintains his belief was reasonable given that Youngblood had singled him out for arriving late, was displeased with E.L.'s insolence and felt it necessary to "all but bodily" remove E.L. from class. E.L felt physically threatened by Youngblood and reacted by saying "get out of my face"; Youngblood's response was, in essence, "make me." According to E.L., he was justified at this point in protecting himself against the teacher's imminent assault.

Substantial evidence supports the juvenile court's finding E.L. committed battery as alleged and did not act in self-defense when he pushed Youngblood. There was no evidence E.L. was frightened at the time of the battery. E.L. did not testify, and the testimony of Benion and Alvarez indicated E.L was angry at being escorted from the classroom, not afraid he was in danger of imminent harm. Nor do the circumstances show E.L. reasonably believed he needed to defend himself from imminent harm. E.L.'s suggestion to the contrary notwithstanding, nothing in the record indicates prior to the battery Youngblood physically threatened E.L. or otherwise used his body in a way to cause E.L to reasonably fear he was subject to imminent harm. Furthermore, although Youngblood apparently made one or more provocative comments to E.L., a reasonable person would not have believed the comments communicated the threat of imminent harm. (*People v. Humphrey, supra,* 13 Cal.4th at p. 1082 [fear of future harm is not sufficient].)

5

## DISPOSITION

The December 19, 2012 minute order is amended to strike the maximum term of confinement. As modified the order is affirmed.

PERLUSS, P. J.

We concur:

WOODS, J.

ZELON, J.