Filed 2/9/26  P. v. Nelson CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA JOSEPH NELSON,<br><br>        Defendant and Appellant. | A171720<br><br>(Marin County<br>Super. Ct. No. CR217256A)<br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

Defendant Joshua Nelson filed a petition for rehearing of our February 3, 2026 opinion, claiming that this court erred in discussing his claim of instructional error under *People v. Mayberry* (1975) 15 Ca1.3d 143. The petition for rehearing is denied.  A *Mayberry* instruction pertains to a defendant's mistake of fact about a victim's consent.  But Nelson did not cite any authority suggesting that such an instruction, as opposed to some other type of mistake-of-fact instruction, is required for a crime not involving a sexual assault, such as simple battery.  This court also reaffirms its conclusion that Nelson failed to show a mistake of fact about his victim's consent would negate the intent required for simple battery.

The petition for rehearing also points out an error in a legal citation. In response, we order the opinion modified as follows:

1.      On page 6, second line from the bottom of the page, change "3 Witkin" to "1 Witkin."

This modification does not affect the judgment.

Date: _____          _____
                                                        Presiding Justice

*People v. Nelson* A171720 (Modification)

Filed 2/3/26  P. v. Nelson CA1/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA JOSEPH NELSON,<br><br>    Defendant and Appellant. | A171720<br><br>(Marin County<br>Super. Ct. No. CR217256A) |

Defendant Joshua Nelson was charged with two felony sex offenses and other crimes after he made video recordings of himself digitally penetrating the victim, a mentally ill woman with whom he had a sexual relationship.  A jury acquitted him of the felonies, including a lesser included offense of sexual battery, but convicted him of two counts of simple battery.  Based on these convictions and two other misdemeanors to which he pled guilty before trial, the trial court sentenced him to 360 days in jail.

On appeal, Nelson contends the convictions for simple battery must be reversed because the trial court (1) misinstructed the jury on the "unlawful" element of that crime and (2) failed to instruct on mistake of fact about the victim's consent as a defense.  We conclude that no instructional error occurred and therefore affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Because the jury rejected the more serious charges and Nelson's appellate claims require us to resolve only issues of law, we do not describe the evidence in detail.

The charges at issue stemmed from a series of short videos Nelson took with his cell phone on a single occasion in April 2021. He and the middle-aged victim, Rebecca, were in a relationship, and to some extent he acted as her caregiver.[1] Evidence was presented that Rebecca, who did not testify, was hearing impaired, schizophrenic, and bipolar. She had psychotic episodes during which she voiced delusional beliefs, including that she had been physically and sexually violated in unlikely or impossible ways.

Nelson was arrested in October 2021 after Rebecca reported he had assaulted her, including by "urethrally rap[ing]" her and "punch[ing her] in . . . the anal tailbone." When the police questioned him, Nelson disclosed the April 2021 videos, which were played for the jury. An officer described them as "close-up recording[s] of Rebecca's nude vulva. [Nelson] is digitally penetrating her multiple times with his hand and his fingers." During the videos, Nelson and Rebecca talk to each other, and "Rebecca multiple times says, 'Ow, stop. Leave me alone. You're not a doctor.' "

The operative information charged Nelson with two felonies, forcible sexual penetration by a foreign object and sexual penetration by a foreign object of a person incapable of giving consent. He was also charged with four misdemeanors, one count of sexual battery and three counts of criminal

---

[1] We refer to Rebecca by her first name only, as the trial court and parties did below.

contempt.[2]  Before trial, Nelson pled guilty to two of the criminal-contempt charges, which were based on his disobedience of a criminal protective order barring him from contact with Rebecca, and the third one was dismissed. The sexual-battery count was later dismissed on the prosecution's motion.

A key issue at trial was whether Rebecca was capable of consenting and did consent to Nelson's acts.  A defense expert witness testified about evaluating a mentally ill person's capacity to consent, and the jury requested a readback of that testimony before returning its verdicts.  On the first count, the jury acquitted Nelson of forcible sexual penetration and the lesser included offense of sexual battery but convicted him of the other lesser included offense of simple battery.  On the second count, the jury acquitted him of sexual penetration of a person incapable of giving consent but convicted him of the lesser included offense of simple battery.  Given the elements of sexual battery compared to those of simple battery and the record as a whole, the verdicts tend to suggest the jury was unconvinced beyond a reasonable doubt that the touching was done against Rebecca's will.  (See CALCRIM Nos. 938, 960.)

In September 2024, the trial court sentenced Nelson to a total term of 360 days in jail, composed of 180 days for one of the battery convictions, no time for the other one, and 90 days each for the two criminal-contempt convictions.  Based on Nelson's custody credits, the sentence was deemed

_____

[2] The charges were brought under Penal Code sections 289, subdivisions (a)(1)(A) (forcible sexual penetration) and (b) (sexual penetration of person who cannot consent), 243.4, subdivision (e)(1) (sexual battery), and 166, subdivision (c)(1)(A) (criminal contempt).  Various aggravating circumstances were alleged as to the two felonies, but they were never submitted to the jury given Nelson's acquittal of those charges.  All further statutory references are to the Penal Code.

served.  The court denied the People's request for a new criminal protective order, which Rebecca opposed.

## II.
### DISCUSSION

Nelson contends the trial court erred in two respects when instructing the jury on simple battery.  First, he claims the instruction given omitted or misdefined the crime's "unlawful" element.  Second, he claims the court should have instructed on consent as a defense negating his criminal intent. We are not persuaded.

*A.    Nelson Did Not Forfeit His Claims of Instructional Error.*

The jury was instructed under CALCRIM No. 960 on simple battery as a lesser included offense of both felony sexual-penetration counts.  The instruction provided:  "To prove that the defendant is guilty of [simple battery], the People must prove that: [¶] The defendant willfully touched Rebecca in a harmful or offensive manner. [¶] Someone commits an act willfully when he or she does it willingly or on purpose.  It is not required that he or she intends to break the law, hurt someone else, or gain an advantage. [¶] The slightest touching can be enough to commit a battery if it is done in a rude or angry way.  Making contact with another person, including through his or her clothing, is enough.  The touching does not have to cause pain or injury of any kind."

Nelson did not object to this instruction, and he did not request an instruction on consent as a defense to simple battery.  The Attorney General argues that Nelson thereby forfeited his claims of instructional error.  We agree with Nelson, however, that he did not forfeit either claim.  "A trial court has a sua sponte duty to correctly instruct the jury on all elements of any charged offenses," which includes the duty to instruct on defenses that negate an element of the crime.  (*People v. Sta Ana* (2021) 73 Cal.App.5th 44,

4

60; *People v. Eid* (2010) 187 Cal.App.4th 859, 879.) Since Nelson argues that the purported errors amounted to misinstructing on the crime's elements, his claims are preserved for review. (See § 1259.)

B. *The Jury Was Properly Instructed on the "Unlawful" Element.*

Nelson first argues that the trial court failed to instruct the jury on the "unlawful" element of simple battery. Section 242, the statute under which he was convicted, provides that "[a] battery is any willful and unlawful use of force or violence upon the person of another." It is well-established that " '[a]ny harmful or offensive touching constitutes an unlawful use of force or violence' under this statute," such that " ' "the least touching" may constitute battery. In other words, force against the person is enough; it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave a mark.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404 (*Shockley*).) We review de novo whether the jury was properly instructed on the elements of an offense. (*People v. Hartland* (2020) 54 Cal.App.5th 71, 77.)

According to Nelson, the challenged instruction erroneously admitted section 242's requirement that a battery be "unlawful." He recognizes both that (1) there is a long line of decisions holding that an "unlawful" touching means one that is "harmful or offensive" and (2) the jury was instructed on the People's burden to prove he "touched Rebecca in a harmful or offensive manner." Nonetheless, he cursorily claims that *People v. Martinez* (1970) 3 Cal.App.3d 886, an early case using the "harmful or offensive" language, was wrongly decided.[3] But our state Supreme Court adopted *Martinez*'s statement equating an "unlawful use of force or violence" with "any harmful

---

[3] In his reply brief, Nelson raises new arguments about why the instruction was erroneous. These arguments are forfeited, and we decline to consider them. (See *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1030, fn. 8.)

or offensive touching" (*Shockley*, *supra*, 58 Cal.4th at p. 404), a holding we must follow. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Since the jury was instructed that it had to find the touching was "harmful or offensive," which is equivalent to "unlawful," there was no error.

### C. The Trial Court Did Not Err by Omitting an Instruction on Consent as a Defense.

Nelson also argues that the trial court should have instructed the jury that he was not guilty of simple battery if he had an "actual, reasonable belief in Rebecca's consent," since such a belief would constitute a mistake of fact negating the required intent. We also review this claim of instructional error de novo. (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.)

In claiming the trial court had a sua sponte duty to instruct the jury on consent, Nelson relies on case law requiring such an instruction in cases involving sexual offenses. In *People v. Mayberry* (1975) 15 Cal.3d 143, the Supreme Court "held that a defendant's reasonable and good faith mistake of fact regarding a person's consent to sexual intercourse is a defense to rape." (*People v. Williams* (1992) 4 Cal.4th 354, 360.) A so-called *Mayberry* instruction may be required for rape and other sexual offenses on the theory that a "reasonable mistake of fact regarding consent is incompatible with the existence of wrongful intent." (*Williams*, at p. 360; see, e.g., *People v. Sojka* (2011) 196 Cal.App.4th 733, 735–737 [attempted rape]; *People v. Dillon* (2009) 174 Cal.App.4th 1367, 1383–1384 [assault with intent to commit rape].)

Nelson does not cite any authority suggesting it is appropriate to give a *Mayberry* instruction for a non-sexual assaultive crime like simple battery. "Consent of the victim is ordinarily not a defense to a criminal prosecution unless lack of consent is an element of the offense." (3 Witkin, Cal. Criminal Law (5th ed. 2024) Defenses, § 106, p. 528.) Lack of consent (or inability to

6

consent) is an element of rape and other sexual offenses, including the ones of which Nelson was acquitted. (See CALCRIM Nos. 938 [sexual battery], 1000 [rape], 1045 [forcible sexual penetration], 1049 [sexual penetration of person who cannot consent].) But it is not an element of simple battery (see CALCRIM No. 960), distinguishing this crime from others for which a *Mayberry* instruction has been required.

In any case, we do not see how a mistake of fact about Rebecca's consent would, as Nelson claims, negate his "criminal intent." Simple battery is a general intent crime. (*People v. Lara* (1996) 44 Cal.App.4th 102, 107.) "As with all general intent crimes, 'the required mental state entails only an intent to do the act that causes the harm,' " meaning "[a] person need not have an intent to injure to commit a battery." (*Ibid.*; *People v. Mansfield* (1988) 200 Cal.App.3d 82, 88; see *Shockley*, *supra*, 58 Cal.4th at p. 404.) Because Nelson's belief about whether Rebecca consented did not affect whether he intended to touch her in the manner he did, we conclude the trial court did not have a sua sponte duty to give a mistake-of-fact instruction on that issue. (See *People v. Givan* (2015) 233 Cal.App.4th 335, 345, 349–350.)

## III.
### DISPOSITION

The judgment is affirmed.

7

_____

Humes, P. J.

WE CONCUR:


_____

Banke, J.



_____

Langhorne Wilson, J.




*People v. Nelson*  A171720

8